J-A29014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAWRENCE FRANCIS | : | |
| | : | |
| Appellant | : | No. 472 WDA 2022 |

Appeal from the PCRA Order Entered March 22, 2022
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000861-2017

BEFORE: BENDER, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED: APRIL 3, 2023**

Appellant, Lawrence Francis, appeals from the post-conviction court's March 22, 2022 order denying his timely petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

A detailed recitation of the facts of Appellant's underlying convictions is unnecessary to our disposition of his appeal. We need only note that,

> [i]n April 2017, [Appellant] was charged by criminal complaint with various violations of [T]he [C]ontrolled [S]ubstance[, Drug, Device and Cosmetic A]ct[, 35 P.S. §§ 780-101—780-144]. The charges stemmed from a grand jury presentment that detailed [Appellant's] involvement in a drug distribution organization. [Appellant] was alleged to be one of the leaders of that ring. In June 2017, the Commonwealth filed a notice of intent to consolidate [Appellant's] case with that of eight other co-defendants. A notice of intent to consolidate filed in October 2017 sought to consolidate his case with eleven other co-defendants.

***

On November 14, 2018, [Appellant] entered a plea of guilty to two (2) counts of possession with intent to deliver, one (1) count of dealing in proceeds of unlawful activity, one (1) count of corrupt organizations, one (1) count of [conspiracy to commit] corrupt organizations…, and one (1) count of persons not to possess firearms. [Appellant] was sentenced the same day to an aggregate sentence of 11 to 22 years[' incarceration], with credit for time served….

\*\*\*

On August 2, 2019, [Appellant] filed a *pro se* [PCRA] … petition. Paul Puskar, Esq.[,] was appointed as counsel for [Appellant]. A hearing on [Appellant's] PCRA petition was held March 12, 2020. [Appellant] was present via video conference. During the evidentiary hearing, … [Appellant] and his PCRA counsel explained that he would not have plead [*sic*] guilty had he been aware of the testimony [that] Katrina Leonard provided [before] the grand jury. … [Appellant] testified that he believed Ms. Leonard failed to corroborate other testimony presented. [Appellant] submitted a brief in support of his PCRA petition on April 17, 2020. The Commonwealth submitted a brief in opposition on April 30, 2020. Th[e PCRA c]ourt issued an Opinion and Order on May 14, 2020[,] denying the PCRA petition.

On July 15, 2020[, Appellant] filed an [a]ppeal to the Superior Court. On July 28, 2020[,] th[e PCRA c]ourt issued a [Pa.R.A.P.] 1925([b]) Order, advising [Appellant] to file a concise statement[] of errors complained of on appeal. A [Rule 1925(b) statement] was filed on August 14, 2020. On August 19, 2020[,] th[e PCRA c]ourt issued an Opinion finding [Appellant's] claims without merit.

The Superior Court eventually remanded this case to the jurisdiction of th[e PCRA c]ourt after the Superior Court determined that issues were raised on appeal that were not preserved or addressed in the lower court. Th[e PCRA c]ourt then appointed new counsel, Timothy Burns, Esq[.]

Newly appointed counsel, [Attorney Burns], filed an Amended [PCRA] Petition … on November 23, 2021. A hearing was scheduled for this matter on March 17, 2022. Th[e PCRA c]ourt issued an order on March 22, 2022[,] denying [Appellant's] petition, finding his claims without merit. A [n]otice of [a]ppeal

to the Superior Court was filed on April 11, 2022. [Appellant thereafter] filed a concise statement of the matters complained on appeal.

PCRA Court Opinion (PCO), 6/24/22, at 1-3. The PCRA court filed a Rule 1925(a) opinion on June 24, 2022.

Herein, Appellant states one issue for our review:

1. The [PCRA c]ourt erred in denying … Appellant's PCRA [p]etition, as … Appellant did not enter a plea in a knowing and voluntary manner, because the [g]rand [j]ury [p]resentment in his case was not accurate and did not reflect the testimony to the [g]rand [j]ury of Commonwealth witness[, Ms.] Leonard.

Appellant's Brief at 4.

Appellant contends that his plea was involuntary because at the time he entered that plea, he was unaware that testimony offered by Ms. Leonard before the grand jury significantly conflicted with the grand jury presentment, which was the basis for his decision to plead guilty. Specifically, Appellant claims that in the grand jury presentment, "the Commonwealth contended that Ms. Leonard admitted to transporting heroin for … Appellant from New York[,]" but Ms. Leonard never testified to this fact before the grand jury. *Id.* at 12-13. Instead, "Ms. Leonard testified to the [g]rand [j]ury that she did not 'recall seeing anything [in] the bags but marijuana.'" *Id.* at 13 (emphasis omitted). Appellant insists that "Ms. Leonard's afore-said [*sic*] testimony is in contrast to what was set forth in … the [g]rand [j]ury [p]resent[ment], which stated in relevant part: 'With respect to [Ms.] Leonard, testimony revealed … [that Ms.] Leonard went by herself to New York City in order to obtain drugs for [Appellant] … and [his co-defendant]. She would transport 200-300 grams

- 3 -

of heroin during each trip.'" ***Id.*** (emphasis omitted; quoting Grand Jury Present[ment] 12, 3/24/17, at 7). Appellant avers that because he did not know that Ms. Leonard's grand jury testimony differed from the grand jury presentment, his guilty plea was involuntary.

Additionally, Appellant argues that his trial counsel acted ineffectively by not informing him of Ms. Leonard's grand jury testimony before he pled guilty, and by not moving "to quash the [g]rand [j]ury [p]resentment due to [a] significant inconsistency between Ms. Leonard's testimony[] and what was actually set forth in the [p]resentment." ***Id.*** He insists that, but for counsel's ineffectiveness in not advising him about Ms. Leonard's testimony, he would not have entered his guilty plea.

Appellant's claims do not warrant relief. Preliminarily, we note that "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Morales***, 701 A.2d 516, 520 (Pa. 1997) (citing ***Commonwealth v. Travaglia***, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he or she received ineffective assistance of counsel, our Supreme Court has directed that the following standards apply:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption,

- 4 -

the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." [**Commonwealth v.**] **Colavita**, … 993 A.2d [874,] 886 [(Pa. 2010)] (citing **Strickland** [**v. Washington**, 466 U.S. 668 … (1984)]). In Pennsylvania, we have refined the **Strickland** performance and prejudice test into a three-part inquiry. **See** [**Commonwealth v.**] **Pierce**, [527 A.2d 973 (Pa. 1987)]. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. **Commonwealth v. Ali**, … 10 A.3d 282, 291 (Pa. 2010). "If a petitioner fails to prove any of these prongs, his claim fails." **Commonwealth v. Simpson**, … 66 A.3d 253, 260 ( [Pa.] 2013) (citation omitted). Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. **See Ali, supra.** Where matters of strategy and tactics are concerned, "a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." **Colavita**, … 993 A.2d at 887 (quotation and quotation marks omitted). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." **Commonwealth v. King**, … 57 A.3d 607, 613 ([Pa.] 2012) (quotation, quotation marks, and citation omitted). "'[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.'" **Ali**, … 10 A.3d at 291 (quoting **Commonwealth v. Collins**, … 957 A.2d 237, 244 ([Pa.] 2008) (citing **Strickland**, 466 U.S. at 694….)).

**Commonwealth v. Spotz**, 84 A.3d 294, 311-12 (Pa. 2014).

First, Appellant has failed to demonstrate that his plea was involuntary because he did not know that Ms. Leonard's grand jury testimony purportedly differed from the grand jury presentment. The record demonstrates that there was actually **no** conflict between the presentment and Ms. Leonard's testimony. As the Commonwealth aptly explains:

Deputy Attorney General [(DAG)] David Gorman testified at the evidentiary hearing that the information about the trips [Ms.] Leonard made and what she had transported on those trips came before the Grand Jury from witnesses other than [Ms.] Leonard. [N.T. PCRA Hearing, 3/17/22,] at 25. This was entirely consistent with the statement in the [p]resentment that "testimony revealed that from the beginning of 2015 to June 2016, [Ms.] Leonard went by herself to New York City in order to obtain drugs from [Appellant] and [his co-defendant]. She would transport 200-300 grams of heroin during each trip." The [p]resentment did not, in fact, state that [Ms.] Leonard's own testimony was from whence this information came. [DAG] Gorman testified that information about what was actually in [Ms.] Leonard's suitcase came primarily from Kylene Schneider, who both personally observed the suitcase contents and heard [Appellant's co-defendant] and [Appellant] discussing them. *Id.* This is reflective of the fact that the [p]resentment was a summary of [g]rand [j]ury testimony from multiple witnesses and/or sources. *Id.* at 26. Furthermore, DAG Gorman had filed an Answer on behalf of the Commonwealth to [Appellant's] Brief in Support of Pretrial Motions on October 5, 2018. In this Answer, [DAG] Gorman specifically stated that the information about heroin being transported in [Ms.] Leonard's luggage came from Kylene Schneider and others. *See* … Commonwealth's Answer to Defendant's Brief in Support of Pretrial Motions[, 10/5/18,] at [] 2. Any potential or alleged confusion about whether or not the source of this information was [Ms.] Leonard herself was dispelled by this filing, which obviously postdated the [p]resentment and Criminal Complaint and preceded the plea.

Commonwealth's Brief at 10-11.

Based on this record, it is apparent that there was no actual conflict between Ms. Leonard's grand jury testimony and the grand jury presentment. Appellant was also aware, before he pled guilty, that the information about heroin being transported by Ms. Leonard came from other witnesses, rather than Ms. Leonard herself. Thus, Appellant's claim that his plea was involuntary because he was unaware of an alleged conflict between the presentment and Ms. Leonard's testimony is meritless.

Additionally, because there was no actual conflict between the presentment and Ms. Leonard's grand jury testimony, there is no arguable merit to Appellant's claims that his trial counsel ineffectively failed to advise him that Ms. Leonard's grand jury testimony significantly differed from the presentment, or that counsel was ineffective for not moving to quash the presentment on the basis of that purported conflict.

Moreover, we would also agree with the PCRA court's rejection of Appellant's ineffectiveness claims because Appellant "failed to prove that [his trial counsel] was aware of the grand jury testimony of Ms. Leonard." PCO at 5. The court pointed out that counsel testified at the PCRA hearing that "he did not have the [g]rand [j]ury transcripts at the time of [Appellant's] plea." *Id.* (citing N.T. PCRA Hearing, 3/17/22, at 15). As counsel correctly recognized at that hearing, and as the Commonwealth notes on appeal, Appellant "entered his plea prior to either the rule-based time for disclosure of [g]rand [j]ury testimony or the making of any other disclosure arrangements between the defense and the Commonwealth." Commonwealth's Brief at 8 (citing Pa.R.Crim.P. 230(B)(2)); *see also* N.T. PCRA Hearing, 3/17/22, at 15 (counsel's testifying that grand jury transcripts are not available "until the witness actually testifies" at trial). Rule 230(B)(2) states: "When a witness in a criminal case has previously testified before an investigating grand jury concerning the subject matter of the charges against the defendant, upon application of such defendant the court shall order that the defendant be furnished with a copy of the transcript of such testimony;

*however, such testimony may be made available only after the direct testimony of that witness at trial.*"   Pa.R.Crim.P. 230(B)(2) (emphasis added).   As Appellant pled guilty before Ms. Leonard's grand jury testimony was available, his trial counsel cannot be deemed ineffective for failing to obtain that testimony before advising Appellant to plead guilty.

Finally, we would also conclude that the record supports the PCRA court's rejection of Appellant's argument that he would not have pled guilty had he known the content of Ms. Leonard's grand jury testimony.  *See* PCO at 5.  The Commonwealth summarizes the extensive evidence set forth in the grand jury presentment, as follows:

> A Pennsylvania State Police Trooper identified [Appellant as an individual who] sold heroin and ecstasy on the streets of York and Altoona[, Pennsylvania].  Two controlled buys of heroin from [Appellant] were made by confidential informants or CIs.  CIs also revealed to law enforcement that heroin was being transported to Blair County from New York City by way of York, [Pennsylvania].  A car used by [Appellant] and [his co-defendant, Wayne] Davis[,] had been tracked from York to Altoona on several occasions.  Witness testimony revealed that [Appellant] was supplying multiple people with "bundles[,"] *i.e.*[,] 10 bag units, of heroin which they would then resell.  This witness also advised that she would drive Davis, Kylene Schneider, [Ms.] Leonard, and [Appellant] to New York City.  [Appellant] and Davis used rental cars rented by Schneider to deliver and/or pick up heroin.  There was also testimony that Terron Miller sold heroin provided to him by [Appellant] and Davis.  Holly Burroughs testified that she allowed Davis and [Appellant] to stay at her house and that she introduced drug addicts to them who subsequently became customers.  [Appellant] had also been conclusively linked to an apartment in York, [Pennsylvania,] that contained numerous items used in the packaging of bulk heroin into retail quantities, including firearms and 21,000 empty heroin bags and which was identified by law enforcement as a heroin "stash house."  At the March 17, 2022 PCRA evidentiary hearing, [Appellant's] plea

- 8 -

counsel testified that he did review the [p]resentment prior to the plea and acknowledged that there was a significant amount of evidence against [Appellant] contained therein, which did affect negatively his assessment of [Appellant's] odds at trial. N.T. [PCRA Hearing,] 3/17/[22,] at [] 19.

Commonwealth's Brief at 9-10.

Based on this extensive evidence of Appellant's guilt, the PCRA court concluded that Appellant had "failed to convince this [c]ourt in a credible manner that his decision to plead guilty would have been impacted in light of the isolated testimony of one witness[,] nor has he explained why the remaining extensive evidence would not have resulted in a decision to plead guilty." PCO at 6. The record supports the court's credibility determination. Therefore, Appellant would be unable to prove he was prejudiced by counsel's failure to inform him of Ms. Leonard's grand jury testimony, even had counsel been able to obtain that testimony prior to Appellant's guilty plea. *See Commonwealth v. Rathfon*, 899 A.2d 365, 369-70 (Pa. Super. 2006) (stating that, "[t]o succeed in showing prejudice, the defendant must show that it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial"). Accordingly, no post-conviction relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/3/2023